## UNITED STATES v. PERRONE.

District Court, W. D. Pennsylvania. June 17, 1927.

### No. 1258.

Aliens &⟶71½(3)—Certificate of citizenship held subject to cancellation for lack of intention to become permanent citizen (8 USCA § 405).

An Italian subject, naturalized in 1900, who returned to Italy in 1902, married, and raised a family of seven children, none of whom have ever come to the United States, though he came four times, staying a year or two each time, prior to 1913, since which time he has remained in Italy, residing on a farm which he owns, *held* to have made that his permanent residence, and his certificate of citizenship *held* subject to cancellation, under Act June 29, 1906, § 15 (8 USCA § 405).

In Equity. Suit by the United States against Rafaele Perrone for cancellation of certificate of citizenship. Decree of cancellation.

SCHOONMAKER, District Judge. The United States has filed a bill in equity in this case, under the provisions of section 15 of the Act of June 29, 1906, 34 Stat. 596, 601, c. 3592 (8 USCA § 405), to cancel the naturalization certificate of Rafaele Perrone, as fraudulently and illegally procured. This section, inter alia, provides as follows:

"If any alien who shall have secured a certificate of citizenship under the provisions of this act shall, within five years after the issuance of such certificate, return to the country of his nativity, or go to any other foreign country, and take permanent residence therein, it shall be considered prima facie evidence of a lack of intention on the part of such alien to become a permanent citizen of the United States at the time of filing his application for citizenship, and, in the absence of countervailing evidence, it shall be sufficient in the proper proceeding to authorize the cancellation of his certificate of citizenship as fraudulent, and the diplomatic and consular officers of the United States in foreign countries shall from time to time, through the Department of State, furnish the Department of Justice with the names of those within their respective jurisdictions who have such certificates of citizenship and who have taken permanent residence in the country of their nativity, or in any other foreign country, and such statements, duly certified, shall be admissible in evidence in all courts in proceedings to cancel certificates of citizenship."

The defendant answered, denying that his certificate of naturalization was fraudulently issued, and averring that his stays in Italy were only temporary, or enforced by reason of the prevalence of the World War, during which, after the United States became involved, he served in the Italian Army.

As evidence that Perrone established a permanent residence in Italy within five years after his naturalization as a citizen of the United States, the government offered the certificate of Howard K. Travers, consul of the United States of America at Naples, Italy, in which he certified that the defendant in this case, Rafaele Perrone, a native of Formicola, province of Caserta, Italy, who was naturalized before the District Court of the United States at Pittsburgh on May 22, 1900, and who was then residing in Formicola, province of Caserta, Italy, established a permanent residence in Italy, a foreign country, on or about 1902. The consul based this certification on the following facts stated to him by Mr. Perrone:

"That he established a permanent residence in Italy, his native country, within two years after his naturalization as a citizen of the United States; that he has seven children born at Formicola, province of Caserta, Italy, as follows: 1904, 1906, 1909, 1910, 1914, 1916, and 1918; that he does not intend to take his family back with him; that he follows the occupation of farmer, and owns property in Italy worth about 10,000 lire, including the house in which he lives; that he punctually exercises all political and civil rights in this country; that he maintains no ties of business or property with the United States, and consequently cannot be considered a citizen of the United States."

To controvert the evidence thus offered by the government under the provisions of section 15 of the Act of June 29, 1906, the defendant took the witness stand in his own behalf, testifying that he became naturalized in this country with the intention of becoming a citizen; that he went back to Italy for a visit in 1902, and while there married, but on account of his wife's health he was unable to bring her to the United States; that he returned to the United States in 1903, and remained until 1905; that in 1905 he returned to Italy again, and stayed until 1907; that in 1907 he returned to the United States, and stayed there until 1909; and that again in 1909 he returned to Italy, and stayed until 1910; that from 1910 to 1913 he was again in the United States; but that in 1913 he returned to Italy, and remained there until he came back to this country for the purpose of defending this action, a short time before the case was set down for trial. Neither his wife

nor his children have ever been in the United States. He has seven children, and the family lives on a farm belonging to Perrone, which he inherited from his father in Italy. Perrone also offered the testimony of witnesses who knew him, and for whom he worked from 1910 to 1913.

This evidence does not satisfy us that Perrone ever intended to become a permanent citizen of the United States. In fact, we are convinced that he established a permanent residence in Italy about the year 1902, and that within five years after his naturalization. Under these facts, we must, and do, hold that the complainant in this case is entitled to the relief prayed for.

A decree may be submitted for the cancellation of the naturalization certificate of the defendant.